## STATE
### vs.
## LEARDO TORRENTI, ET AL.

Superior Court      Middlesex County      File #1466

MEMORANDUM FILED SEPTEMBER 16, 1938.

Bertrand E. Spencer, of Middletown, for the State.

Bernard A. Kosicki, of Middletown, for the Defendants.

O'SULLIVAN, J. The offense charged against the accused is that on November 25, 1938, and for a long time prior thereto, they neglected and refused to abide by and carry out the terms of a decision and order of the Board of Zoning

Appeals of the town of Old Saybrook, made on January 21, 1938, by which a permit issued to them on December 13, 1937, was rescinded and they were ordered to remove a certain building on the land of one of them before May 1, 1938.

The accused have demurred on the broad ground that these alleged acts of illegal conduct do not constitute a criminal offense. In this contention they are correct.

The authority for instituting a criminal proceeding for matters concerning zoning rests on the provisions found in section 430 of the General Statutes, Revision of 1930. That section makes a prosecution possible in Old Saybrook whenever one has violated any regulation found in the ordinance adopted by the town in furtherance of zoning. If one disobeys an order either of the Commission or of the Board of Appeals, he may or he may not be justified in so acting. Using an extreme illustration, it is perfectly obvious that if the Commission or the Board of Appeals ordered these accused to put a Chinese flag upon the building in question, no criminal action would lie even though the order was disobeyed. For obviously, the power to pass any order can extend no further than the limit of the authority conferred by the ordinance.

Hence, if an order is disobeyed, it is necessary to allege that the accused is charged with a violation of some provision of the ordinance, such as, for example, that he erected a gas station in a restricted zone, or that he has used a building erected after the passage of the ordinance without first obtaining a certificate of occupancy, or the like.

If these accused have violated any regulation set out in the ordinance, they may be successfully prosecuted under a proper information. To allege that they disobeyed an order of the Board of Appeals is far from alleging a violation of a regulation found in the ordinance.

Accordingly, the demurrer is sustained.